# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARIA B. MORGAN, and RICHARD DAVID MORGAN, § § § § Plaintiffs, § § v. § § U.S. BANK NATIONAL ASSOCIATION § AS LEGAL TITLE TRUSTEE FOR § TRUMAN 2016 SC6 TITLE TRUST, § § Defendant. § | CIVIL ACTION NO.  4:20-CV-00672 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #7).  Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **GRANTED**.

### BACKGROUND

This case arises out a property dispute.  Specifically, Plaintiffs bring suit to challenge the foreclosure of their homestead property located at 4820 Holly Tree Drive in Dallas, Texas.  Plaintiffs originally obtained an adjustable rate loan (the "Loan") in 2003 from World Savings Bank, FSB—later known as Wells Fargo Home Mortgage ("Wells Fargo")—against their homestead.  In 2014, Plaintiffs modified the Loan through the Home Affordable Modification Program after falling on hard times.  In 2017, Plaintiffs again fell behind on payments and obtained further assistance from Wells Fargo.  While presumably working with Plaintiffs, Wells Fargo sold the Loan to a debt buyer and assigned the deed of trust to Defendant (the "Assignment").  After

the Assignment, Defendant accelerated the entire balance of the Loan and has expressed its desire to foreclose upon the property.

Plaintiffs assert that Defendant lacks standing to proceed with the foreclosure sale due to forged signatures on the Assignment made by Wells Fargo to Defendant. Further, Plaintiffs assert a claim to quiet title and seek an injunction prohibiting the foreclosure sale. Plaintiffs additionally seek attorney's fees and costs.

On September 8, 2020, the Court ordered Plaintiffs to replead as necessary to comply with the Federal Rules of Civil Procedure through the issuance of an Order and Advisory (Dkt. #6). On September 11, 2020, Defendant filed the present motion (Dkt. #7). Plaintiffs did not file a response. On October 9, 2020, Defendant filed a Notice of No Response by Plaintiffs to Defendant's Motion to Dismiss (Dkt. #8). On December 16, 2020, the Court issued an Order requiring Plaintiffs to either file a response by December 29, 2020 or inform the Court that no opposition exists (Dkt. #13). To date, Plaintiffs have still not filed a response. Further, on January 11, 2021, the Court ordered Plaintiffs to file an amended complaint (Dkt. #14). Plaintiffs failed to do so in the specified time frame given by the Court.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded

2

facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants seek a dismissal of Plaintiffs' claims with prejudice. Defendant asserts that Plaintiffs do not have standing to contest the validity of the Assignment because Plaintiffs were not parties to the Assignment. All of Plaintiffs' causes of action derive from the allegedly invalid Assignment. Thus, if Plaintiffs have no standing to contest the Assignment, the causes of action would consequently fail as a matter of law.

To have standing, a "plaintiff . . . must assert his own legal rights and interests[] and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Generally, borrowers who are "not a party to the assignment of the Note and Deed of Trust . . . lack[] standing to contest the assignment." *Herrera v. Wells Fargo Bank, N.A.*, No. 2013 WL 961551, at *8 (S.D. Tex. 2013). Despite the general rule, "Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'" *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (quoting *Tri-Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975)). The key inquiry for the Court thus becomes whether Plaintiffs have sufficiently pleaded a ground which renders the Assignment void, not merely voidable.

Plaintiffs challenge the Assignment made to Defendant. Specifically, Plaintiffs contend that "the signatures on the assignment are forgeries" and those forgeries "make[] the assignment void" (Dkt. #1, Exhibit 2 at p. 5). Plaintiffs do not, however, allege any further facts regarding the alleged forgery.

"Under Texas law, a deed that is forged is void." *Ybarra v. Wells Fargo Bank, N.A.*, 575 Fed. App'x 471, 473 (5th Cir. 2014) (per curiam) (citing *Lighthouse Church of Cloverleaf v. Tex. Bank*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975)).  Further, "a plaintiff who properly alleges that an assignment was forged has standing to contest the assignment." *Schaffer v. U.S. Bank Trust, N.A. for LS9 Master Participation Trust*, No. 1:17-cv-297-RP, 2017 WL 6029646, at *8 (W.D. Tex. Dec. 5, 2017) (citing *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 542 (Tex. App.—Houston [14th Dist.] 2016, no pet.)).  Thus, a pleading of forgery would give standing to a homeowner who was not a party to a void assignment.  Importantly, the forgery allegation must be pleaded properly, however.

"The Fifth Circuit and numerous courts in Texas have explicitly held that forgery claims based on allegations that an assignment is void because the signature on the assignment was purportedly forged are subject to the heightened requirements of Rule 9(b)." *Moore v. Ameriquest Mortg. Co.*, No. 4:16-cv-00380, 2017 WL 7051073, at *3 (E.D. Tex. Jan. 17, 2017) (citing *Kreway v. Countrywide Bank, FSB*, 647 Fed. App'x 437, 438 (5th Cir. 2016) (per curiam); *Ybarra*, 575 Fed. App'x at 473–74; *Reed v. Bank of Am., N.A.*, No. H-15-2005, 2016 WL 3058303, at *3 (S.D. Tex. May 31, 2016)).  Specifically, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams v. WMX Tech., Inc.* 112 F.3d 175, 179 (5th Cir. 1997)).

Plaintiffs claim "the signatures on th[e] assignment are forgeries[,] making the assignment void" (Dkt. #1, Exhibit B at p. 5).  Plaintiffs offer "a series of [five] Deed of Trust Assignments by Wells Fargo, each with identical signatures to the above noted Assignment of Deed of Trust, and some with identical notary signatures as well" in support of the forgery allegation (Dkt. #1, Exhibit B at p. 5).  Plaintiffs do not state who forged the signatures, when the signatures were

5

forged, where the signatures were forged, or how the signatures were forged.[1] Plaintiffs offer nothing more than a conclusory statement that the signatures were forged. Because Plaintiffs' allegations fail to adequately satisfy the heightened pleading standard when asserting forgery, Plaintiffs have not stated a ground upon which the Assignment is void. Absent a ground which voids the Assignment, Plaintiffs do not have standing to contest the validity of the Assignment.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #7) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiffs' claims against Defendant are **DISMISSED** with prejudice.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**SIGNED this 2nd day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Insofar as Plaintiffs submit that the existence of identical signatures indicates forgery, the Court notes that "Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer." *Reinagel*, 735 F.3d at 227. Plaintiffs do not appear to allege that the signatures were procured without proper authorization.